Matter of Hock (2019 NY Slip Op 02438)





Matter of Hock


2019 NY Slip Op 02438


Decided on March 28, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Dianne T. Renwick,Justice Presiding,
Rosalyn H. Richter
Peter Tom
Marcy L. Kahn
Peter H. Moulton,Justices.


M-221

[*1]In the Matter of David Ronald Hock, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, David Ronald Hock, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, David Ronald Hock, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on June 24, 2003.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Sherine F. Cummings, of counsel), for petitioner.
Richard M. Maltz, Esq., for respondent.



Per Curiam.


Respondent David Ronald Hock was admitted to the practice of law in the State of New York by the Third Judicial Department on June 24, 2003. At all times relevant to this [*2]proceeding, respondent maintained an office within the first Judicial Department.
Respondent seeks an order pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10, accepting his resignation as an attorney and counselor-at-law licensed to practice in the State of New York. The Attorney Grievance Committee asserts that respondent's application is in full compliance with 22 NYCRR 1240.10 and therefore the Committee does not oppose his motion.
Respondent acknowledges that he is the subject of an investigation by the Committee involving allegations that include at least the following five acts of professional misconduct: giving delayed responses to discovery requests, failing to update clients regarding pending matters, reporting to clients that actions had been undertaken when they had not, failing to take prompt actions to collect on judgments, and preparing but failing to file complaints. Respondent attests that he cannot defend himself against the allegations.
Respondent attests that the Committee's investigation does not include any allegations that he willfully misappropriated or misapplied money or property in the practice of law. Respondent acknowledges that his resignation is submitted subject to any further application by an Attorney Grievance Committee to any department of the Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and he consents to the continuing jurisdiction of the Appellate Division to make such an order. Respondent states that he submits his resignation freely and voluntarily, without coercion or duress, and with full awareness of the consequences. Respondent further acknowledges and agrees that pending issuance of an order accepting his resignation, he will not undertake to represent any new clients or accept any retainers for future legal services. Respondent's resignation should be effective the date his affidavit was sworn, December 19, 2018 (see Matter of Kiss, 163 AD3d 35, 37 [1st Dept 2018]; Matter of Dubal, 151 AD3d 34, 35 [1st Dept 2017]; Matter of Wallen, 149 AD3d 235, 236-237 [1st Dept 2017]).
Respondent's affidavit of resignation conforms with 22 NYCRR 1240.10 and his application is unopposed, and is therefore accepted by this Court.
Accordingly, respondent's motion should be granted to the extent of accepting respondent's resignation from the practice of law in the State of New York and striking his name from the roll of attorneys, effective nunc pro tunc to December 19, 2018.
All concur.
Order filed. [March 28, 2019]
Ordered that the motion is granted, respondent's resignation is accepted and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to December 19, 2018.